(17 Misc. Rep. 67.)

### STAPLETON v. MAYER et al.

(City Court of New York, General Term. May 23, 1896.)

MECHANICS' LIENS—FORECLOSURE.

In an action against a contractor to foreclose a mechanic's lien, defendant cannot object to plaintiff's showing that the work was done in several places, while the complaint alleged that it was done in one place, and plaintiff had furnished a bill of particulars showing that the work was done in several places, and defendant does not claim that he was surprised at the trial.

Appeal from trial term.

Action by Nora M. Stapleton against Joseph Mayer and another. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before CONLAN and SCHUCHMAN, JJ.

Cantor & Van Schaick, for appellants.
Blandy, Mooney & Shipman, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment in favor of the plaintiff in an action to foreclose a mechanic's lien. The trial judge found that the defendant Altieri, the contractor, is indebted to the plaintiff in the sum of $202.50. A part thereof, to wit, $71, was incurred for work done on the 108th street house, owned by defendant Mayer, and adjudged said claim of $71.10 to be a lien on said premises, and gave a personal judgment against the contractor for $131.40. There is sufficient evidence in the case to sustain these findings. Section 15 of chapter 342 of mechanic's lien law of 1885 warrants a personal judgment against a party if claimant fails to establish a valid lien.

Appellants complain that, plaintiff alleging in her complaint the work to have been contracted for and done at one place, to wit, 108th street house, she cannot introduce evidence of work done elsewhere. The defendant contractor at no stage of the case claimed any surprise. He had the bill of particulars. He admits that he owes the plaintiff on the 119th street and 68th street and 144th street jobs. He had the teams subject to his order and control, and directed them from one job to the other. The evidence shows that work was done only incidentally for these other places, by hauling materials from them to 108th street, and vice versa. The contractor owes the

money to plaintiff, for the work done by her; and whether done at 108th street house or the other jobs mentioned is immaterial, since no surprise was claimed which makes the rule applicable "that, on appeal, an amendment to conform the pleadings to the proof is allowable to sustain a judgment."

As to the two exceptions referred to in the second point of appellants' brief, I consider them unimportant in this case, because the trial was had by the court, and not by the jury; and there is evidence sufficient in the case to sustain the findings, even if the two questions and answers objected to are expunged from the record.

The appellant's point "that plaintiff is not the real party in interest" avails him not.

Stapleton testified that he told Altieri that he was doing business in his wife's name, but he did not tell him that it was his wife, and not he, who was making this contract. Assume that Mrs. Stapleton was an undisclosed principal; she could bring the action, whether Altieri knew her or knew her not. Mr. Stapleton is estopped by his evidence herein from claiming any recovery for the subject-matter involved herein. No double liability can result to appellants, and a single liability they have incurred. and been properly adjudged for herein.

Judgment affirmed, with costs.